# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JOHN R. F., | ) |
|     Plaintiff, | ) No. 18 C 6218 |
|     v. | ) Magistrate Judge M. David Weisman |
| ANDREW SAUL, Commissioner of Social Security, | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

John R. F. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's ("SSA's") decision denying his application for benefits. For the reasons set forth below, the Court reverses the SSA's decision.[1]

## Background

Plaintiff applied for benefits on August 28, 2014, alleging a disability onset date of November 1, 2007. (R. 81.) His application was denied initially and on reconsideration. (R. 91, 119.) Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on April 28, 2017. (R. 30-73.) In a decision dated September 28, 2017, the ALJ denied plaintiff's claim. (R. 13-22.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the SSA, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

---

[1] Plaintiff's reply brief was due June 19, 2019. Plaintiff did not file the brief or seek or receive an extension of time to do so. Accordingly, the Court decides this motion without it.

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920(a). The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 15.) At step two, the ALJ determined that plaintiff has the severe impairments of "spine disorders and chronic obstructive pulmonary disease." (*Id.*) At step three, the ALJ found that plaintiff's impairments do not meet or medically equal the severity of a listed impairment. (R. 16.) At step four, the ALJ found that plaintiff is unable to perform any past

relevant work but has the residual functional capacity ("RFC") to perform light work with various limitations. (R. 16-17, 20.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus he is not disabled. (R. 21-22.)

Plaintiff argues that the ALJ improperly assessed his symptoms and, as a result, omitted necessary limitations from the RFC. The ALJ rejected plaintiff's claim of disabling pain, in part, because it was inconsistent with plaintiff's report of his daily activities. (R. 17.) Plaintiff's activities include doing household chores like laundry, cooking, and dish washing; helping take care of his mother and her pets; shopping for food each week; and going to a friend's house weekly to watch football. (R. 270-73.) However, the record shows that plaintiff does chores slowly, takes breaks when necessary, and gets help with the chores from his mother's home health aide, his brother, and his neighbors, and he only shops for thirty minutes at a time once a week. (R. 56-57, 270-73.) Plaintiff's ability to engage in these limited activities is not a basis for rejecting his allegations of disabling pain. *See Carradine v. Barnhart*, 360 F.3d 751, 756 (7th Cir. 2004) (plaintiff's ability to "drive, shop, [and] do housework" held an insufficient basis for rejecting her allegations of pain); *Brennan-Kenyon v. Barnhart*, 252 F. Supp. 2d 681, 698 (N.D. Ill. 2003) (characterizing plaintiff's daily activities of "cooking, cleaning, doing laundry, shopping, driving five miles per week, and attending to personal hygiene" as "fairly restricted" and stating that they are "not the kind of activities that necessarily undermine or contradict a claim of disabling impairments").

The ALJ also cited plaintiff's failure to take prescribed medication as a basis for discounting his symptom allegations, citing a record from a single doctor's visit as support. (R. 18 (citing R. 502).) There is, however, a wealth of evidence the ALJ did not address, which shows that plaintiff consistently takes prescribed medication, including several narcotic pain relievers.

(*See, e.g.*, R. 328-31, 342-44, 351-52, 358, 493, 498, 514, 528, 566, 633-39); *see also* SSR 16-2p, 2017 WL 5180304, at *9 (Oct. 25, 2017) ("Persistent attempts to obtain relief of symptoms, such as increasing dosages and changing medications . . . may be an indication that an individual's symptoms are a source of distress and may show that they are intense and persistent."). Similarly, the ALJ asserts that plaintiff has had "little, conservative treatment . . . with no procedures advised" (R. 18) but does not address evidence that plaintiff tried epidurals, muscle injections, chiropractic manipulation, and physical therapy without success, and was not advised to have any other procedures. (R. 41-42, 351-52, 365-70, 482.) The ALJ's selective discussion of the evidence is not sufficient to support the symptom evaluation. *See Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."). Because the ALJ's symptom evaluation, and the RFC on which it is based, is not supported by substantial evidence, this case must be remanded. *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (remanding case because of erroneous credibility determination).

## Conclusion

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment [10], denies SSA's motion for summary judgment [20], reverses the SSA's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order.[2]

**SO ORDERED.**  ENTERED:  July 2, 2019

*M. David Weisman*
**M. David Weisman**
**United States Magistrate Judge**

---

[2] Plaintiff also contests the ALJ's assessment of physical therapist Jones's opinion. (*See* Pl.'s Br., ECF 11 at 13-14.) However, having determined that the case must be remanded, the Court need not address this argument.